UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KEVIN L. HOWARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security ) <br> ) <br> Defendant. ) | Civil Action No. 6:18-CV-00184-CHB <br><br> **ORDER AFFIRMING** <br> **COMMISSIONER'S DECISION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on cross-motions for summary judgment. [R. 13; R. 15]. The Plaintiff, Kevin Howard, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI). The Court, having reviewed the record, will affirm the Commissioner's decision.

## **BACKGROUND**

An Administrative Law Judge ("ALJ") denied Howard's claim [Administrative Record ("AR") at 9], and the Appeals Council denied his request for review. [AR at 1] Howard now petitions this Court to review the decision of the Commissioner. This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Although Howard has applied for and been denied benefits before, the ALJ in the present case has correctly given Howard's current application a fresh review, as it is for a new period of time and the record contains new and material evidence. *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018).

In denying Howard's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Howard had not engaged in substantial gainful activity since March 26, 2015, the alleged onset date as amended. [AR at 15]

At step two, the ALJ determined that Howard suffered from the severe impairments of colitis, valvular heart disease status post remote aortic valve replacement with a mechanical valve, major depressive disorder, and anxiety. *Id*. Conversely, the ALJ classified Howard's complaints of hypertensive disorder, chronic back pain, hernia, insomnia, and Hepatitis B and C as non-severe impairments. *Id*. at 15–16.

At step three, the ALJ found that Howard does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [AR at 16]

Before proceeding to step four, the ALJ determined that Howard has the residual functional capacity (RFC) to perform light work that does not require climbing ladders, ropes, or scaffolds; crawling; commercial driving; exposure to vibration and hazards, such as moving mechanical parts and protected heights; more than occasional climbing ramps and stairs, stooping, kneeling, or crouching; or concentrated exposure to temperature extremes. *Id*. at 18. The ALJ determined that mentally, Howard can perform simple, routine, repetitive work that requires occasional work-related decision-making; adapt to occasional workplace changes that are gradually introduced; occasionally interact with the public; and frequently interact with supervisors and coworkers. *Id*.

At step four, the ALJ determined that Howard has past relevant work as a furniture mover, fast food cook, taxi driver, and assistant manager, but he is unable to perform his past relevant work as actually or generally performed due to his current RFC. *Id*. at 21–22.

At step five, the ALJ determined that, considering the RFC described above and Howard's age and work experience, there are jobs that exist in significant numbers in the national economy that Howard can perform and, thus, he is not disabled. *Id*. at 22.

## ANALYSIS

Howard raises two objections to the ALJ's decision. He first argues that the ALJ's determination that he is not disabled is not supported by substantial evidence. [R. 13-1 at p. 14] Second, Howard contends that the ALJ failed to properly evaluate his subjective complaints of pain. *Id*. at 18. The Court agrees with the ALJ's determinations on both of these issues.

### I. The ALJ's Determination is Supported by Substantial Evidence.

Substantial evidence means "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cultip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The Court does not try the case *de novo*, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, the Court does not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner*, 375 F.3d at 390. Rather, the Court must affirm the ALJ's decision if substantial evidence supports it, even if the Court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402

F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

      Howard generally argues that substantial evidence does not support the ALJ's RFC determination. He argues that the ALJ failed to properly evaluate the medical evidence that had been submitted in this claim and that it is clear that Howard suffers from additional impairments. [R. 13-1 at p. 15] However, Howard does not state what those additional impairments are, just that "[t]he claimant's own testing establishes that he is disabled based on his inability to sit, stand, or walk for only short periods and his inability to lift any significant weight." *Id*.; *see Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) ("The burden lies with the claimant to prove that she is disabled.") (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)).

      The ALJ reviewed the objective medical record in determining that Howard has the following severe impairments: colitis, valvular heart disease status post remote aortic valve replacement with a mechanical valve, major depressive disorder, and anxiety. [AR at 15] This included examining various Disability, Pain, Fatigue and Function Reports [AR at 464–67, 468–79, 480–84, 485–93, 494–97, 517–20, 530–38], Third Party Function Reports [AR 498–507, 521–29], hospital records from Harlan ARH Hospital [AR at 892–948, 1176–1315, 1408–41], treatment records from Mountain Heart Center [AR at 949–68, 1161–75], treatment records from Mountain Comprehensive Health Center [AR at 1026–85, 1102–26, 1149–60, 1345–55, 1368–87, 1388–96], treatment records from Cumberland River Comp Care [AR at 1316–42], and treatment records from Appalachian Heart Center [AR at 1356–62, 1442–45]. The ALJ further reviewed the objective medical record in determining that the following could not be corroborated as severe impairments: hypertensive disorder, chronic back pain, hernia, insomnia,

or Hepatitis B and C. [AR at 15–16] This included examining various Disability and Pain Reports [AR at 468–79, 480–84, 541–48], treatment records from Mountain Comprehensive Health Center [AR at 1026–85, 1102–26, 1363–87], treatment records from Mountain Heart Center [AR at 1161–75], and treatment records from Cumberland River Comp Care [AR at 1316–42]. Finally, the ALJ reviewed the opinions of consultative examiners Dr. Monderewicz [AR at 1086–96], Dr. Rigby [AR at 1097–1101; AR at 1137–42], and Dr. Chaney [AR at 1129–36], as well as the treatment records of Dr. Spangler [AR at 1397–1407].

The ALJ properly considered this voluminous record in reaching her conclusions as to Plaintiff's physical and mental impairments, as well as to the weight to give the various opinion evidence in the record. As to Plaintiff's severe physical impairments, the ALJ found that these had been treated with primarily routine care incident to maintenance of established and routine diagnoses. [AR at 19] Plaintiff's unremarkable test results allowed the ALJ to properly establish Plaintiff's RFC. *Id*. Likewise, the ALJ properly concluded that because the Plaintiff's severe mental impairments were generally under "fair control" they did not compel a finding of greater restrictions than provided in the RFC's mild-to-moderate limitations. *Id*. at 20. Finally, because the ALJ provided specific and legitimate reasons for her assessment of the various opinion evidence of record the Court finds no error in her analysis. *Id.* at 21.

The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). When deciding a claimant's RFC, the ALJ considers numerous factors including both medical and non-medical evidence. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by

substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). As explained above, the ALJ's determination was supported by substantial evidence.

## II. The ALJ Did Not Err in Evaluating Howard's Subjective Complaints of Pain.

Howard argues that the ALJ failed to properly evaluate his subjective complaints of pain under the framework provided by SSR 96-7p. [R. 13-1 at p. 18] This argument fails for several reasons. First, the ALJ carefully considered Howard's subjective complaints of pain and found that while "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [AR at 19] An ALJ is required to "assess a claimant's RFC based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). Although this evidence includes a claimant's statements regarding his symptoms, such subjective complaints cannot independently support a finding of disability. 20 C.F.R. § 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled"). The ALJ's analysis of a claimant's symptom complaints is entitled to particular deference from this Court. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (credibility determinations are particularly within the province of the ALJ and are "to be given great weight.") (quoting *Walters*, 127 F.3d at 531).

Next, as noted by the Defendant, the agency's sub-regulatory guidance regarding the evaluation of symptom testimony, found in SSR 96-7p, was superseded by SSR 16-3p, 2016 WL 1237954 (Mar. 24, 2016), which was effective March 2016. As such, SSR 16-3p was in effect at the time of the ALJ's decision, and Howard's citation to SSR 96-7p is misplaced. According to

SSR 16-3p, subjective symptom evaluation is not about an individual's general character or truthfulness, *see* SSR 16-3p, 2016 WL 1119029, at *10, and the ALJ's reasoning in this case is consistent with this guidance. [AR at 18–19] Ultimately, the ALJ appropriately evaluated Howard's symptoms using the regulatory framework set forth in 20 C.F.R. § 416.929 and SSR 16-3p.

The ALJ extensively reviewed Howard's objective medical record, as well as the opinions of various consultative and treating physicians, and reasonably concluded that he retained the RFC to light work activity with limitations despite his claims regarding his symptoms of pain. [AR at 19–21]; *see supra* Part I. It is fundamental that an ALJ can base a decision that a claimant's symptoms are not as limiting as he alleges on inconsistencies between those claims and the rest of the record. *See* 20 C.F.R. § 416.929(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating and nontreating source or other persons about how your symptoms affect you."). When the ALJ finds contradictions between the medical reports and the claimant's testimony, the discounting of the claimant's testimony is appropriate. *See Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988).

In the present case, the ALJ's conclusion that Howard's allegations regarding the severity of his symptoms were inconsistent with the record [AR at 19] is supported by the medical evidence. Specifically, the ALJ notes that Howard's records are consistent with "stable, established diagnoses for colitis and heart disease." *Id.* While Howard complained of chest pain and went to the hospital, testing was negative, and he was sent home. *Id.* As to his colitis,

besides a couple rare flareups over several years, the ALJ noted that the records showed "successful symptom control with diet and drug therapy per illustrative appointment notes." *Id*. A review of a vast number of other longitudinal exams was "largely unremarkable for clinical indicia of acute – if any – cardiopulmonary or intestinal abnormalities corroborative of the claimant's grave allegations." *Id*. at 19–20. The ALJ also noted that the primary care appointment records from Howard's mental health care described "fair control" of anxiety and depression. *Id*. at 20. Thus, the ALJ correctly weighed the evidence in the record against Plaintiff's own statements.

## CONCLUSION

For the foregoing reasons**, IT IS HEREBY ORDERED** as follows:

1. The plaintiff's motion for summary judgment [R. 13] is **DENIED**;

2. The defendant's motion for summary judgment [R. 15] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

This the 17th day of June, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY